1    **WO**

2

3

4

5                              **NOT FOR PUBLICATION**

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Robert L. Kravitz,                    )    No. CV-06-1727-PHX-FJM
                                            )
10              Plaintiff,                  )    **ORDER**
                                            )
11   vs.                                    )
                                            )
12                                          )
     The American Jewish Committee,         )
13   Proskauer Rose, LLP,                   )
                                            )
14              Defendants.                 )
                                            )
15   _____

16

17          The court has before it defendant Proskauer Rose, LLP's ("Proskauer") motion to

18   dismiss (doc. 6), plaintiff's response (doc. 17), and Proskauer's reply (doc. 21).

19                                          **I**

20          Robert Kravitz ("plaintiff') was employed as the executive director of the Arizona

21   Chapter of the American Jewish Committee ("AJC").  A dispute arose regarding plaintiff's

22   continued employment with AJC, and the parties entered into settlement negotiations to

23   resolve the details of plaintiff's separation from employment.  AJC and plaintiff were both

24   represented by counsel during the negotiations–plaintiff by Stinson Morrison Hecker LLP,

25   and AJC by defendant Proskauer.  On or about August 4, 2005, the parties reached an

26   agreement regarding the basic terms of the separation. On August 5, 2005, Proskauer agreed

27   to prepare the settlement documents, including, according to plaintiff, a joint public statement

28   explaining the circumstances of plaintiff's departure.

1       On August 15, 2005, plaintiff informed Proskauer that the joint statement had to be

2   prepared no later than August 16, 2005, as an article regarding plaintiff's departure would be

3   reported in a local newspaper on the next day.  Amended Complaint ¶ 118.  Proskauer,

4   however, did not produce the settlement documents as requested.  Plaintiff contends that as

5   a result of Proskauer's failure to timely prepare the settlement documents, the newspaper

6   printed a misleading and disparaging account of plaintiff's departure from employment,

7   resulting in, among other things, injury to plaintiff's reputation and ability to obtain

8   employment.  Id. ¶ 128.

9       Plaintiff now asserts a claim for legal malpractice against Proskauer, arguing that once

10  Proskauer agreed to prepare the settlement documents on behalf of both parties, it owed a

11  duty of care to plaintiff, which it then breached.  The issue presently before us is whether

12  Proskauer may be held liable to a nonclient for professional negligence.

## II

14      A lawyer owes a duty of care to a nonclient when and to the extent that:

15              (a) the lawyer knows that a client intends as one of the primary
                objectives of the representation that the lawyer's services benefit
16              the nonclient;
                (b) such a duty would not significantly impair the lawyer's
17              performance of obligations to the client; and
                (c) the absence of such a duty would make enforcement of those
18              obligations to the client unlikely.

19  Paradigm Ins. Co. v. Langerman Law Offices, 200 Ariz. 146, 153, 24 P.3d 593, 600 (2001)

20  (quoting Restatement (Third) of the Law Governing Lawyers § 51(3) (1998)).  A lawyer's

21  duty to a nonclient arises only if the nonclient is an "intended beneficiary" of the lawyer's

22  services.  Wetherill v. Basham, 197 Ariz. 198, 208, 3 P.3d 1118, 1128 (Ct. App. 2000).  To

23  impose a duty in favor of someone other than an "intended beneficiary" would offend public

24  policy by "plac[ing] an attorney in a position where his own interests would conflict directly

25  with his client's interests."  Lewis v. Swenson, 126 Ariz. 561, 564, 617 P.2d 69, 72 (Ct. App.

26  1980).  Therefore, it is generally held that "an adverse party is not an intended beneficiary

27  of the adverse counsel's client."  Id.; see also Wetherill, 197 Ariz. at 208, 3 P.3d at 1128

28

- 2 -

1   (refusing to impose upon a lawyer a duty of care to a nonclient whose interests are "directly

2   adverse" to those of the lawyer's client).

3          In Paradigm Ins., 200 Ariz. at 154, 24 P.3d at 601,[1] the Arizona Supreme Court

4   considered whether a lawyer hired by an insurer to represent an insured also owed a duty of

5   care to the insurer.  Finding that "a special relationship exists between the insurer and the

6   counsel it assigns to represent its insured," the court concluded that the lawyer owed a duty

7   of care to both the insurer and the insured.  Id.  However, the court limited its holding to

8   situations where "the interests of insurer and insured coincide."  Id.  In other words, the duty

9   to a nonclient does not arise when a "conflict or significant risk of conflict" exists.  Id. at 155,

10  24 P.3d at 602.  Here, there is there no "special relationship" between the parties, and

11  moreover plaintiff acknowledges that he is "a non-client who was directly adverse to

12  Proskauer's client."  Response at 10.

13         Plaintiff's reliance on Kremser v. Quarles & Brady, L.L.P., 201 Ariz. 413, 36 P.3d 761

14  Ct. App. 2001), is unavailing under the facts of this case.  In Kremser, the defendant law firm

15  expressly agreed to file security documents, with the "primary objective" of benefitting the

16  nonclients.  Id. at 418, 36 P.3d at 766.  The court noted this was a "rare circumstance" where

17  there was "no resulting conflict," which would "impair[] the lawyer's performance of

18  obligations to the client."  Id. at 417-18, 36 P.3d at 765-66.  In the present case, however,

19  there is nothing to suggest that Proskauer agreed to prepare the draft settlement agreement

20  other than for the benefit of its own client.  In fact, Proskauer eventually prepared the draft

21  documents containing language favorable to its own client and objectionable to plaintiff,

22  which ultimately led to a breakdown in the settlement negotiations.  Amended Complaint ¶

23  116.  As an adverse party, plaintiff was not an intended beneficiary of Proskauer's services.

24  Thus Proskauer owed him no duty.  Accordingly, plaintiff has failed to state a claim for legal

25  malpractice.

26

27         [1]The undersigned participated and concurred in the opinion.  See 200 Ariz. at 155, 24

28  P.3d at 602.

1     **IT IS THEREFORE ORDERED GRANTING** Proskauer's motion to dismiss (doc.

2    6).  The action shall proceed only against the remaining defendant.

3        DATED this 21st day of September, 2006.

4

5

6

_Frederick J. Martone_

7               Frederick J. Martone
               United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28